UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Danny Lee,<br><br>    Plaintiff,<br><br>v.<br><br>Wexford Health Sources Inc., *et al.*,<br><br>    Defendants. | Case No. 13 C 3255<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

This matter concerns the alleged mistreatment of Plaintiff Danny Lee during his incarceration at Stateville Correctional Center ("Stateville"). The Plaintiff asserts one cause of action against all Defendants, a claim of deliberate indifference to his medical needs under 42 U.S.C. § 1983 and the Eighth Amendment. Defendants Marcus Hardy and Anna McBee moved to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6). That motion is granted in part and denied in part as explained below.

**I.  Background**[1]

Plaintiff was incarcerated at Stateville from 1976 to 2013. First Am. Compl. at ¶ 4. On November 26, 2011, Plaintiff told a medical technician that he had pain in his right shoulder. *Id.* ¶ 12. Over the course of the next three days, Plaintiff continued to report these conditions to the prison's medical staff. *Id.* ¶ 14-16. On

---

[1] The Background Section is based upon the well-pleaded factual allegations of the First Amended Complaint [18] and the related documents properly before this Court. The facts are accepted as true solely for the purpose of this motion.

1

November 30, 2011, Plaintiff was admitted to the heath care unit for observation. *Id.* ¶17. After twenty-three hours, he was discharged and prescribed antibiotics. *Id.* The Plaintiff's symptoms did not subside, so a few days later he again told the prison's medical staff that he was experiencing shoulder pain. *Id.* ¶ 18. On December 5, 2011, Plaintiff was seen by the medical staff and admitted into the heath care unit. *Id.* ¶ 20. He was diagnosed with endocarditis and streptococcal. *Id.*

Plaintiff alleges that, while he eventually received treatment, he suffered intense physical pain for several days. *Id.* ¶ 21. This pain made it difficult to eat, and on many days he ate nothing at all. *Id.* As a diabetic, this made it difficult for Plaintiff to control his glucose level and put his health at risk. *Id.* Further, Plaintiff experienced mental anxiety, weight loss and sleeplessness. *Id.* At one point, his heart became infected and sustained damage due to his infections. Plaintiff claims that his injuries disabled him for a period of time, and some became permanent. *Id.* According to the Plaintiff, his injuries were the direct result of the deliberate indifference of the Defendants – including Defendants McBee and Hardy.

Defendants McBee and Hardy were administrators at Stateville throughout the course of Plaintiff's medical treatment. *Id.* ¶ 45. Defendant McBee was a Grievance Officer. *Id.* ¶ 7. Outside of detailing McBee's administrative position, the complaint does not allege any additional facts regarding Defendant McBee. *Id.* ¶ 1-45. More specifically, the Complaint contains no allegations to show that McBee was involved in Plaintiff's medical treatment. *Id.*

2

Defendant Hardy was the Warden of Stateville. *Id.* ¶ 26. As Warden, Defendant Hardy was responsible for the creation and implementation of policies for medical care. *Id.* ¶ 26. Plaintiff claims that Hardy was aware of a widespread practice at Stateville where prison employees denied inmates access to medical care. *Id.* ¶ 28. Due to these policies and the widespread practice of ignoring inmates, the Plaintiff claims he did not receive adequate medical treatment. *Id.* ¶ 30. This led to Plaintiff filing the Section 1983 claim now at issue.

## II. Legal Standard

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in his favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). To survive a motion under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

### III. Analysis

Defendants argue that Plaintiff's claim for deliberate indifference should be dismissed with regard to Defendants Hardy and McBee. Because Plaintiff concedes that the Complaint does not adequately state a claim against McBee, [64] at 3, Defendants' motion is granted as to McBee. This Opinion will focus its analysis on the claim against Hardy.

To state a claim for deliberate indifference, Plaintiff must allege facts showing: (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Here, Plaintiff has alleged deliberate indifference against Defendant Hardy in both his official capacity and his individual capacity. The Court will address those claims in turn.

#### a. Official Capacity

Plaintiff's official capacity claim fails because it is in effect a claim against the state of Illinois, which is not a proper defendant under Section 1983. Section 1983 states, in relevant part, that "every **person** who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law." 42 U.S.C. § 1983 (emphasis added). A state, however, is not a "person" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983"). Plaintiff, of course, has not named the

State of Illinois as a defendant. He has named Defendant Hardy in his official capacity.

As the Supreme Court has explained, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," *i.e.*, the State itself. *Will*, 491 U.S. at 71. Thus, state "officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Section 1983 claims for monetary damages against state officials in their official capacity cannot survive the pleading stage because those state officials are not "persons" for purposes of allowing suit under Section 1983. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir.), *cert. denied*, 136 S. Ct. 321 (2015). Lawsuits seeking only monetary damages that are brought against Illinois Department of Corrections ("IDOC") wardens in their official capacity are routinely dismissed under this reasoning. *See Hampton v. Wexford Health Servs., Inc.*, No. 13 C 8598, 2015 WL 1826188, at *2 (N.D. Ill. Apr. 20, 2015); *Kendrick v. Shaw*, No. 09C4813, 2010 WL 3732085, at *3 (N.D. Ill. Sept. 17, 2010); *Phillips v. Cook Cty.*, No. 07 C 2394, 2008 WL 2692032, at *4 (N.D. Ill. July 1, 2008).

Here, Plaintiff is seeking to obtain monetary damages under Section 1983 against Warden Hardy in his official capacity as Warden of Stateville. Because this is a position with the IDOC, Plaintiff is in reality suing the state of Illinois. This claim cannot stand under the reasoning in *Will* because Defendant Hardy, when sued in his official capacity, is not considered a "person" for purposes of allowing

5

suit under Section 1983. Defendants' motion to dismiss the official capacity claim against Hardy is granted.

**b. Individual Capacity**

Plaintiff has adequately alleged a Section 1983 claim against Defendant Hardy in his individual capacity. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (internal quotation and citation omitted). For supervisors like Hardy, this means that they "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

This can include instances where the supervisory official "devised a deliberately indifferent policy that caused a constitutional injury." *Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998). Where the complaint is based on a custom, practice, or pattern of unconstitutional conduct that is not pursuant to a formal policy, the supervisor, to be liable, must facilitate, approve, condone, or deliberately ignore the practice. *Almaraz v. Haleas*, No. 07 C 6134, 2008 WL 4547222, at *6 (N.D. Ill. Apr. 25, 2008).

Here, Plaintiff alleges that Hardy "had notice of a widespread practice by IDOC employees at Stateville under which inmates with serious medical conditions,

6

such as Plaintiff, were routinely denied access to proper or sufficient medication and medical care." [18] at ¶ 28. He further alleges that his injuries "were directly and proximately caused by the policies and practices of Defendants Hardy and Ramos." *Id*. at ¶ 27. This is sufficient to allege that Defendant Hardy either approved, condoned or ignored the widespread practice that resulted in Plaintiff's injury. Defendants' motion to dismiss the individual capacity claim against Plaintiff is denied. *See Almaraz v. Haleas*, No. 07 C 6134, 2008 WL 4547222, at *7 (N.D. Ill. Apr. 25, 2008); *Cobb v. Fitch*, No. 14-CV-00605, 2015 WL 9315538, at *10 (N.D. Ill. Dec. 23, 2015); *Hill v. Dart*, No. 15 C 113, 2015 WL 5610971, at *2 (N.D. Ill. Sept. 22, 2015).

IV. **Conclusion**

Defendants' motion to dismiss is granted in part and denied in part as follows: (1) the motion to dismiss the claim against Defendant McBee is granted without prejudice; (2) the motion to dismiss the official capacity claim against Defendant Hardy is granted with prejudice; and (3) the motion to dismiss the individual capacity claim against Defendant Hardy is denied.

Dated: January 25, 2016

ENTERED:

United States District Judge